UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

M.K.L., by and through her parents, J.K. and R.L.; and J.K. and R.L., individually and on their own behalf,

Plaintiffs,

v.

SEATTLE SCHOOL DISTRICT NO. 1, KING COUNTY, STATE OF WASHINGTON, also known as SEATTLE PUBLIC SCHOOLS; NATHAN HALE HIGH SCHOOL; and DR. WILLIAM JACKSON, in his individual capacity and on behalf of his marital community,

Defendants.

Case No. C25-2334RSM

ORDER DENYING MOTION TO STAY

This matter comes before the Court on a Motion filed by Defendant Seattle School District ("the District") and Dr. William Jackson seeking to stay this case pending the resolution of Dr. Jackson's appeal of this Court's denial of his motion to dismiss based on his qualified immunity defense. Dkt. #56. Plaintiffs M.K.L. and her parents J.K. and R.L. have filed an opposition brief. Dkt. #63. The Court has determined that it can rule on this Motion without oral argument.

This case was filed on November 20, 2025. Dkt. #1. On August 7, 2026, the Court granted in part and denied in part Defendants' Motion to Dismiss. Dkt. #50. The Court dismissed certain claims, but found that Rule 12(b)(6) dismissal of the §1983 claim against Dr. Jackson was not warranted. *Id*. Dr. Jackson filed an interlocutory appeal to the Ninth Circuit. Dkt. #53.

Trial is set for February 1, 2027. Dkt. #29.

In the instant Motion, Defendants acknowledge that "Dr. Jackson's appeal does not impact the Plaintiffs' ability to proceed to trial as to the District." Dkt. #56 at 6 (citing *Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021)). Defendants nevertheless ask the Court, in its discretion to stay the case in its entirety. On the one hand, Defendants say that there would be "little, if any damage or hardship that would result from the granting of a stay," but in the very next sentence they offer this comment:

> While resolution of Plaintiffs' claims against the District would be delayed during the appeal's pendency, that is a natural consequence of Plaintiffs' strategic choice to sue both a District employee and the District at the outset. Plaintiffs—represented by prominent counsel—knew or should have known that, if sued, a District employee would assert a qualified immunity defense and, in turn, pursue an appeal of that defense if the Court denied the employee's motion to dismiss on that ground. That Plaintiffs elected to "re-start" their case in federal court after pursuing the claims in state court for months also is contrary to any claim that a slight delay would create any undue hardship. As it is, Plaintiffs can avoid any delay through the simple expedient of dismissing Dr. Jackson as a defendant, thus eliminating the need for the pending appeal and allowing them to proceed with their claims against the District.

*Id*. at 8.

The Court has reviewed the briefing and considered the factors set forth in *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) and *Landis v. N. Am. Co.*, 299 U.S. 248,

255 (1936). The Court agrees with Plaintiffs that this Motion, is "a transparent effort to leverage Jackson's appeal of his failed qualified-immunity defense into a reprieve for the District that would delay an adverse judgment and, as a practical matter, extinguish Plaintiffs' opportunity to obtain the injunctive relief necessary for M.K.L. to return to the District before she graduates high school this coming June." Dkt. #63 at 6. Plaintiffs state, "Jackson's appeal provides no basis for halting Plaintiffs' claims against the District, and Defendants devote only two pages of their brief to explaining why the District should be entitled to such drastic relief." *Id*. The Court again agrees. The Court does not see why this case should not proceed against the District, if Plaintiffs so choose, while a case against Dr. Jackson is stayed pending the appeal. The Court finds that the risk of duplicative proceedings is low, for the reasons articulated by Plaintiffs. Defendants' arguments why Dr. Jackson should not be asked to testify in a trial against the District are inadequate. The Court agrees with Plaintiffs that a stay would not meaningfully simplify issues in this case, and would more likely "disrupt a case that has advanced through all of fact discovery and is just four months from trial, causing the parties to lose familiarity with the record and, inevitably, requiring substantial work to be reconstructed." *Id*. at 7.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Stay, Dkt. #56, is DENIED.

DATED this 9th day of November, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE