HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| M.K.L., by and through her parents, J.K. and R.L.; and J.K. and R.L., individually and on their own behalf,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1, KING COUNTY, STATE OF WASHINGTON, also known as SEATTLE PUBLIC SCHOOLS; and DR. WILLIAM JACKSON, in his individual capacity, and on behalf of his marital community,<br><br>Defendants. | Case No. 2:25-cv-2334-RSM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT SEATTLE SCHOOL DISTRICT'S MOTION TO SEAL CERTAIN DOCUMENTS ASSOCIATED WITH ITS MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

The District's summary judgment exhibits contain four sentences of deposition testimony repeating accusations, made by classmates in the spring of 2024, against M.K.L. (Read Decl. Ex. 1 (Dkt. #70-1) at 139:5–14; Read Decl. Ex. 3 (Dkt. #70-3) at 160:24–161:3, 166.) The District "takes no position on the propriety of sealing these exhibits and defers to Plaintiffs' response pursuant to LCR 5(g)(3)(B)." (Dkt. #67 at 3.) The District never substantiated those accusations. The administrator who investigated them testified that the inquiry "came to a dead spot" and "hit a brick wall," and it largely ceased when M.K.L. left the



SEATTLE LITIGATION GROUP, PLLC
1215 4th Avenue, Suite 1100
Seattle, Washington 98161
T. (206) 407-3300 | F. (206) 407-3097

school. (Read Decl. Ex. 11 (Dkt. #70-11) at 310–11.) Plaintiffs therefore propose targeted redactions and otherwise accept the public filing of these exhibits. (Dkt. #67 at 3.)

Publishing those accusations would make this Court's docket a permanent, searchable home for more uncredited schoolyard rumors beyond those that have already followed M.K.L. to her current school. Courts have long "refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Nixon* v. *Warner Commc'ns*, *Inc.*, 435 U.S. 589, 598 (1978). The District itself recognizes the danger: it asks the Court to seal the student complaints underlying the same accusations because they are "inflammatory" and threaten minors with "psychological harm, loss of privacy, and/or social ostracism." (Dkt. #67 at 5.) Deposition testimony repeating those complaints warrants the same protection. The Court should (1) maintain under seal the unredacted versions of Read Exhibits 1 and 3 and accept the redacted versions for the public docket; and (2) grant the District's request to maintain Jones Exhibit 1 and Read Exhibit 19 under seal.

## BACKGROUND

Plaintiffs allege that M.K.L., a Jewish student at Nathan Hale High School, endured a year of antisemitic harassment that culminated on May 22, 2024, when a crowd of students gathered outside her classroom demanding that she come out. (Dkt. #1.) Around the same time, a former friend of M.K.L. circulated accusations that M.K.L. had made offensive remarks. (*See* Read Decl. Ex. 3 (Dkt. #70-3) at 166.)

Those accusations were never proven. The District itself testified that it was not aware of any disciplinary action ever being taken in response to those accusations. (Read Decl. Ex. 1 (Dkt. #70-1) at 139:5–14, 141:1–4.) Assistant Principal Makela Steward testified that the investigation "came to a dead spot" and "hit a brick wall" because the accusations consisted of "a lot of . . . secondhand information." (Read Decl. Ex. 11 (Dkt. #70-11) at 310–11.) Teacher Erin Lynch, who heard the students' accusations secondhand, testified that she never saw the material they described: "You have students saying, 'I saw. She said this.' . . . I can't . . . accept that that's the truth." (Read Decl. Ex. 3 (Dkt. #70-3) at 166-69.)



SEATTLE LITIGATION GROUP, PLLC
1215 4th Avenue, Suite 1100
Seattle, Washington 98161
T. (206) 407-3300 | F. (206) 407-3097

Before the District filed its motion, the parties conferred and agreed that Read Exhibits 1 and 3 could be filed publicly with those four sentences redacted. (Dkt. #67 at 3 & n.2.) The District takes no position on Plaintiffs' designations and defers to this response under LCR 5(g)(3)(B). (*Id.* at 4.)

**LEGAL STANDARD**

A party seeking to seal material attached to a dispositive motion must show "compelling reasons supported by specific factual findings" that outweigh the public interest in disclosure. *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Compelling reasons exist when court files might become "a vehicle for improper purposes," such as "the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The movant must identify the legitimate interests at stake, the injury that will result absent relief, and why a less restrictive alternative is insufficient. LCR 5(g)(3)(B).

**ARGUMENT**

**I. There Are Compelling Reasons to Maintain the Redacted Sentences Under Seal.**

The redacted sentences are precisely the material *Kamakana* and *Nixon* describe. They repeat accusations, attributed to other students, that the District could not substantiate and therefore abandoned. (Read Decl. Ex. 11 (Dkt. #70-11) at 310–11.) Placing them on the public docket would "circulate libelous statements" about a child who has never had the chance to answer them. *Kamakana*, 447 F.3d at 1179. The Ninth Circuit has recognized that "the mere allegation of misconduct" in filed materials, "without more, does not create a public interest sufficiently large to outweigh" the accused's confidentiality interests where "[t]here has been no judicial determination regarding the truth of the allegations" and the accused has had no opportunity to "litigate the allegations." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 427–28 (9th Cir. 2011) (applying Rule 26(c)). Applying the compelling-reasons standard, courts seal summary judgment exhibits that "simply indicate the fact that the



SEATTLE LITIGATION GROUP, PLLC
1215 4th Avenue, Suite 1100
Seattle, Washington 98161
T. (206) 407-3300 | F. (206) 407-3097

complaints were made" where no investigation was shown to have substantiated them—even when the accused is a party. *Pryor* v. *City of Clearlake*, 2012 WL 3276992, at *2 (N.D. Cal. Aug. 9, 2012). This Court has done the same, sealing summary judgment exhibits containing "investigations of complaints" because disclosure could subject the accused "to annoyance, embarrassment, and/or oppression." *Martinez Patterson* v. *AT&T Servs. Inc.*, 2021 WL 3617179, at *5 (W.D. Wash. Aug. 16, 2021) (Martinez, J.), *aff'd*, 2022 WL 2304218 (9th Cir. June 27, 2022). As the Second Circuit has explained, "[r]aw, unverified information should not be as readily disclosed as matters that are verified," particularly where the subject lacks "a fair opportunity . . . to respond to any accusations." *United States* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

This is particularly true where, as here, the subject of the unverified accusations is a minor. In *Heward* v. *Board of Education of Anne Arundel County*, where a student was disciplined over an allegedly racist photograph that she maintained was innocent, the court kept classmates' statements about the incident under seal because they contained "identifying or sensitive information" about minors. 2023 WL 6067072, at *4 (D. Md. Sept. 15, 2023). Initials alone cannot protect M.K.L., because the facts of this case tie the accusations to her. This Court has recognized that "[s]olely redacting minor students' names would fail to adequately protect the interest of the minor children involved," given the "strong public policy in favor of protecting the identity of minor children." *Sims* v. *Lakeside Sch.*, 2007 WL 4219347, at *1 (W.D. Wash. Nov. 28, 2007) (Martinez, J.); *see also Meyers* v. *Cincinnati Bd. of Educ.*, 2020 WL 6561226, at *2 (S.D. Ohio Nov. 9, 2020) (agreeing that "the mere redaction of names and identifying information is not enough to adequately protect the privacy of the involved students"). The Stipulated Protective Order reflects the same judgment. (Dkt. #44 § 2.2(a).)

Public disclosure would inflict concrete injury because the rumors have already followed M.K.L. beyond Nathan Hale. Republishing the accusations in a federal court filing, permanently accessible and readily tied to M.K.L., would expose her to renewed harassment and ostracism. The District itself warns that the underlying complaints threaten "psychological harm, loss of



SEATTLE LITIGATION GROUP, PLLC
1215 4th Avenue, Suite 1100
Seattle, Washington 98161
T. (206) 407-3300 | F. (206) 407-3097

privacy, and/or social ostracism." (Dkt. #67 at 5.) That is not mere embarrassment; it is the harm that follows from circulating accusations no factfinder has credited, and M.K.L. "need not wait for harm to occur before seeking protection." *Mendis* v. *BMW of N. Am. LLC*, 2025 WL 3013722, at *4 (W.D. Wash. Oct. 28, 2025).

In contrast, the public interest in these sentences is negligible. They have no bearing on whether the District responded with deliberate indifference to the antisemitic harassment at the heart of this case, and the District concedes that other public exhibits "provide context for M.K.L.'s interaction with other students that would allow a reader to understand the issues in the case." (Dkt. #67 at 5.) And redaction is the least restrictive alternative. Plaintiffs ask only that a few sentences be withheld from two deposition excerpts, leaving every other word public. That is the remedy courts adopt for unsubstantiated accusations: "narrowly tailored redactions that remove references to the facts of the unsubstantiated allegations." *United States* v. *Jackson*, 2020 WL 7385692, at *1 (E.D.N.Y. Dec. 16, 2020); *Mendis*, 2025 WL 3013722, at *5 (approving limited redactions of summary judgment submissions as "the least restrictive alternative"). No narrower measure would work: the sentences themselves are the harm.

**II. The Court Should Grant the District's Request to Maintain Jones Exhibit 1 and Read Exhibit 19 Under Seal.**

Plaintiffs support the District's request for related reasons. Jones Exhibit 1 consists of statements by students about M.K.L., and Read Exhibit 19 consists of social media screenshots, produced by a nonparty, that include the screen names of minors. (Dkt. #67 at 3–5.) Both documents relate to the same unproven accusations, together with identifying details about M.K.L. and nonparty minors that cannot practicably be redacted. (*Id.* at 5.) Courts seal such student materials in full where redaction cannot protect the students. *Heward*, 2023 WL 6067072, at *4; *Meyers*, 2020 WL 6561226, at *2.



SEATTLE LITIGATION GROUP, PLLC
1215 4th Avenue, Suite 1100
Seattle, Washington 98161
T. (206) 407-3300 | F. (206) 407-3097

## CONCLUSION

For the foregoing reasons, the Court should (1) maintain under seal the unredacted versions of Read Exhibits 1 and 3 (Dkt. #70-1, #70-3) and accept the redacted versions for the public docket; and (2) maintain Jones Exhibit 1 and Read Exhibit 19 under seal.

I certify that this memorandum contains 1551 words, in compliance with the Local Civil Rules.

Dated: November 25, 2026

SEATTLE LITIGATION GROUP, PLLC

_/s Joseph D. Gehrke_
Joseph D. Gehrke, WSBA No. 47474
Seth A. Rosenberg, WSBA No. 41660
Peter G. Hawkins, WSBA No. 51088
1215 4th Avenue, Suite 1100
Seattle, Washington 98161
Tel: (206) 407-3300
joe@seattlelitigation.com
seth@seattlelitigation.com
peter@seattlelitigation.com

SULLIVAN & CROMWELL LLP

_/s David R. Skoler_
Adam S. Paris (*pro hac vice*)
Mark A. Popovsky (*pro hac vice*)
Jessica M. Klein (*pro hac vice*)
David R. Skoler (*pro hac vice*)
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
parisa@sullcrom.com
popovskym@sullcrom.com
kleinj@sullcrom.com
skolerd@sullcrom.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury, under the laws of the State of Washington and the United States of America, that the following is true and correct:

That on November 25, 2026, I arranged for service of the foregoing via the Court's ECF system on the following person(s):

BRYAN CAVE LEIGHTON PAISNER LLP
Randall T. Thomsen, WSBA #25310
Michelle Buhler, WSBA #16235
Elisabeth Read, WSBA #59762
1201 Third Avenue, Suite 5000
Seattle, WA 98101
Tel: 206-600-6650
randall.thomsen@bclplaw.com
michelle.buhler@bclplaw.com
elisabeth.read@bclplaw.com

*Counsel for Defendants*

DATED: November 25, 2026

/s Joseph D. Gehrke
Joseph D. Gehrke, WSBA No. 47474