HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

M.K.L., by and through her parents, J.K. and R.L.; and J.K. and R.L., individually and on their own behalf,

Plaintiffs,

v.

SEATTLE SCHOOL DISTRICT NO. 1, KING COUNTY, STATE OF WASHINGTON, also known as SEATTLE PUBLIC SCHOOLS; NATHAN HALE HIGH SCHOOL; and DR. WILLIAM JACKSON, in his individual capacity and on behalf of his marital community,

Defendants.

Case No. 2:25-cv-2334-RSM

DEFENDANT SEATTLE SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF DEFENDANT'S EXPERT HOWER KWON, M.D.

NOTE ON MOTION CALENDAR: DECEMBER 1, 2026



BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................... i

I. INTRODUCTION ..................... 1

II. RELEVANT BACKGROUND ..................... 1

A. Dr. Kwon is a Highly Qualified [redacted] ..................... 1

1. Dr. Kwon reviewed [redacted]. ..................... 2

2. [redacted]. ..................... 3

B. Dr. Kwon Was Made Available for a Deposition, But Plaintiffs Chose Not to Proceed. ..................... 4

III. ARGUMENT ..................... 5

A. Rule 702 Permits Reliable Expert Testimony That Helps the Trier of Fact Understand the Evidence or Determine a Fact in Issue. ..................... 5

B. Dr. Kwon Has Provided Ample Bases for His Opinions. ..................... 6

1. Dr. Kwon has identified a sufficient basis for his opinions regarding [redacted] ..................... 6

2. Dr. Kwon relied on numerous sources for his opinion [redacted]. ..................... 8

3. [redacted] ..................... 8

4. Plaintiffs' own expert confirms [redacted] ..................... 10

C. [redacted] ..................... 11

D. Defendant Made Dr. Kwon Available for a Deposition and He Continues to be Available, But Plaintiffs Elected Not to Depose Him. ..................... 13

IV. CONCLUSION ..................... 14



BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

## TABLE OF AUTHORITIES

**Page**

### Table of Cases

*Arterburn v. Home Depot U.S.A., Inc.*, No. C22-408, 2023 WL 6392744 (W.D. Wash. Oct. 2, 2023) .................................. 12

*Benavides v. Tesla, Inc.*, No. 21-cv-21940, 2025 WL 1795031 (S.D. Fla. June 30, 2025) ................................. 9

*Chiquita Int'l Ltd. v. M/V Cloudy Bay*, 262 F.R.D. 318 (S.D.N.Y. 2009) ........................................................................ 13

*City of Pomona v. SQM North Am. Corp.*, 750 F.3d 1036 (9th Cir. 2014) ............................................................................ 6

*Craighead v. Simon*, No. 2:23-cv-12243, 2026 WL 2110754 (E.D. Mich. July 21, 2026) ......................... 7-8

*El Ansari v. Graham*, No. 17-cv-3963, 2019 WL 3526714 (S.D.N.Y. Aug. 2, 2019) .................................... 7

*Engilis v. Monsanto Co.*, 151 F.4th 1040 (9th Cir. 2025) ......................................................................... 11

*Hunt v. City of Portland*, 599 F. App'x 620 (9th Cir. 2013) ................................................................... 12

*Ilyia v. Khoury*, 671 F. App'x 510 (9th Cir. 2016) ..................................................................... 7

*Nichols v. American Nat'l Ins. Co.*, 154 F.3d 875 (8th Cir. 1998) ........................................................................... 11

*Powers v. Seattle Pub. Sch. Dist. No. 1*, No. 2:21-cv-01160, 2022 WL 4546108 (W.D. Wash. Sept. 29, 2022) ....................... 12

*Rapp v. NaphCare, Inc.*, No. 3:21-cv-05800, 2023 WL 5844724 (W.D. Wash. Sept. 11, 2023) ....................... 12

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517 (6th Cir. 2008) ............................................................................. 6

*Sherrod, Teed, Vanderhagen & Ware v. VNA*, No. 5:17-cv-10164, 2022 WL 597952 (E.D. Mich. Feb. 27, 2022) ........................... 11

*Solomon v. AIG Property Cas. Co.*, No. 8:24-cv-2650, 2025 WL 2829742 (M.D. Fla. Oct. 6, 2025) ................................ 13



BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

*Stilwell v. Smith & Nephew, Inc.*,
482 F.3d 1187 (9th Cir. 2007) ... 6

*United States v. Sandoval-Mendoza*,
472 F.3d 645 (9th Cir. 2006) ... 6

*Williams v. East Meadow Union Free Sch. Dist.*,
No. 2:21-cv-3310, 2026 WL 790580 (E.D.N.Y. Mar. 20, 2026) ... 7

*Woods v. City of Hayward*,
No. 19-cv-01350, 2021 WL 4061657 (N.D. Cal. Sept. 7, 2021) ... 9

**Rules**

Fed. R. Civ. P. 35 ... 2

Fed. R. Evid. 702 ... 1, 5-6, 14



BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

## I. INTRODUCTION

Plaintiffs seek to exclude the well-supported opinions of [redacted] Dr. Hower Kwon, whose evaluation combined an [redacted] Plaintiffs' own expert concedes these are standard components of a [redacted]

Under Federal Rule of Evidence 702, Defendant Seattle School District (the "District") must show that Dr. Kwon's opinions have sufficient factual support and reliably apply accepted methods. His reports explain [redacted] That foundation is sufficient. Disputes over [redacted] should be resolved through cross-examination and competing testimony, not exclusion.

The Court should deny Plaintiffs' request to exclude Dr. Kwon or restrict his clinical opinions. Any concern about a specific statement, factual assumption, or opinion on motive can be addressed at trial and does not require a blanket exclusion of his testimony.

## II. RELEVANT BACKGROUND

### A. Dr. Kwon is a [redacted]

Defendant's expert, Dr. Kwon, has more than 30 years of experience in [redacted] and has been board-certified in [redacted] since 1999. He practices at [redacted], is an associate clinical professor in the [redacted] and serves as an



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

[redacted] Dkt. 79, Ex. C at 1–2. He previously has testified in a number of cases as an expert. *Id.* at 32.

Plaintiffs allege that antisemitic harassment during M.K.L.'s freshman year at Nathan Hale High School led to a confrontation on May 22, 2024 and caused [redacted]. To evaluate M.K.L.'s claims, the District hired Dr. Kwon to review M.K.L.'s [redacted] Thomsen Decl. ¶2, Dkt. 79, Ex. C at 1.

**1. Dr. Kwon reviewed M.K.L.'s [redacted]**

While acknowledging that M.K.L.'s antisemitic experiences were [redacted] Dr. Kwon carefully considered M.K.L.'s [redacted] Dkt. 79, Ex. C at 24, 29–30.

Dr. Kwon also considered M.K.L.'s [redacted] Dkt. 79, Ex. A at MKL000961–62 Ex. B at MKL_TP_EBTCS_000096–98.

In February 2025, [redacted]



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

[redacted]. Dkt. 79, Ex. D at MKL_TP_EBTCS_000045–46.

On October 17, 2026, Dr. Kwon [redacted]. Dkt. 79 Ex. N at ¶¶ 2–7. [redacted]. *Id.* ¶ 13, Dkt. 79, Ex. F at KWON_00000021–23, Ex. C at 1, 24–26. H[redacted] Dkt. 79, Ex. J at 1

**2. Dr. Kwon reached reasonable opinions based on his review of M.K.L.'s [redacted]**

Based on his extensive [redacted], Dr. Kwon concluded that M.K.L. [redacted] Dkt. 79, Ex. C at 25–27, Ex. I at KWON_00000004–06. Plaintiffs' expert, Dr. Jeffrey Schloemer, agrees "that MKL [redacted] Dkt. 79, Ex. J at 3.

Based on his consideration of the totality of the information available to him, Dr.



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

Kwon [redacted]. Dkt. 79, Ex. C at 24–30, Exs. A, B, D. He explained t[redacted] Dkt. 79, Ex. C at 24–25, 30–31. He further acknowledged [redacted]

[redacted] Dkt. 79, Ex. C at 24-25.

In his rebuttal report, Dr. Kwon addressed Dr. Schloemer's [redacted] Dkt. 79, Ex. G at 9–10, .

**B. Dr. Kwon Was Made Available for a Deposition, But Plaintiffs Chose Not to Proceed.**

Based on the parties' stipulated motion, in its September 28 order, the Court continued the expert disclosure deadline to October 23, the rebuttal report deadline to November 6, and the expert discovery cut-off to November 20. Dkt. 62 at 5; Thomsen Decl. ¶ 4.

On October 27, 2026, Plaintiffs served a deposition notice noting Dr. Kwon's



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

deposition on November 5, 2026 "*or at such other time and place as the parties mutually agree.*" The notice further stated that "the deposition may be adjourned from day to day until completed" evidencing an understanding that the deposition may occur over several days. Thomsen Decl., Ex. 1. Dr. Kwon was unavailable on November 5, so on October 29, Defendant offered Dr. Kwon for deposition on November 13, one week before expert discovery closed. Plaintiffs objected because the *Daubert* motion deadline was November 10. Thomsen Decl. ¶ 4, Ex. 1 at 7-9 (Oct. 29 Read and Himmelman emails). To accommodate Plaintiffs' concern, Defendant then offered to make Dr. Kwon available in a split session on November 7 and November 10.[1] *Id.* at 6-7 (Oct. 30 Buhler email). Defendant also offered to make Dr. Kwon available at a later date and to stipulate to the continuance of the *Daubert* motion deadline to account for Plaintiffs expressed need to depose Dr. Kwon before the deadline.[2] *Id.* at 5 (Oct. 30 Thomsen email). Plaintiffs rejected those proposals and chose not to depose Dr. Kwon. The parties never met nor conferred about Dr. Kwon's deposition. Thomsen Decl. ¶ 7. Defendant remains willing to produce Dr. Kwon for a deposition before trial if Plaintiffs desire.

## III. ARGUMENT

### A. Rule 702 Permits Reliable Expert Testimony That Helps the Trier of Fact Understand the Evidence or Determine a Fact in Issue.

Under Rule 702, the District must only show that, more likely than not, Dr. Kwon's testimony will help the trier of fact understand the evidence or determine a fact in issue, is based on sufficient facts or data, is the product of reliable principles and methods, and reflects a reliable application of the principles and methods to the facts of the case. At base, Rule 702 concerns the soundness of the methodology rather than the correctness of the

---

[1] Plaintiffs complained that the split session was not for a full seven hours, but Defendant would have made him available for the entire seven hours.

[2] Plaintiffs' concern was misplaced, as they *have filed* a *Daubert* motion related to Dr. Kwon without taking his deposition.



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

conclusions. *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007).

In applying Rule 702, the Court must evaluate an expert's methods in light of the expert's field. [redacted] *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655–56 (9th Cir. 2006). The Court first decides whether an opinion is admissible, and the jury then decides how much weight to give it. *City of Pomona v. SQM North Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). Rejecting expert testimony is the exception, not the rule. *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 530 (6th Cir. 2008).

Under Rule 702, Dr. Kwon's opinions help the trier of fact, rest on sufficient facts and data, use well-established methods, and reliably apply those methods to this case. Plaintiffs' disagreement with his conclusions does not undermine that foundation.

**B. Dr. Kwon Has Provided Ample Bases for His Opinions.**

**1. Dr. Kwon has identified a sufficient basis for his opinions regarding [redacted]**

Plaintiffs argue that Dr. Kwon [redacted]

Plaintiffs also criticize Dr. Kwon for [redacted]

[3] Plaintiffs do not cite any decision where a court has held that an opinion is automatically inadmissible because the expert did not [redacted]



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

[redacted]

Indeed, Dr. Kwon's opinion that [redacted] is in sharp contrast to the expert opinions in the cases Plaintiffs rely on, all of which involved significant deficiencies in the expert's opinion. [redacted]

Likewise, in [redacted]. Finally, the Court in [redacted] allowed a [redacted] to testify about his [redacted] but barred him from using that [redacted]



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

[redacted]. In contrast, Dr. Kwon *did* review [redacted]

**2. Dr. Kwon relied on numerous sources for his opinion and not the single test as Plaintiffs allege.**

Plaintiffs criticize Dr. Kwon for [redacted] Indeed, Plaintiffs' own expert, Dr. Schloemer, acknowledges that there is no universally agreed minimum number of information sources. Even so, in formulating his opinions, Dr. Kwon did not rely on just [redacted]

**3. [redacted] must be considered together and alongside the [redacted]**

Plaintiffs also unfairly criticize Dr. Kwon for [redacted]. [redacted]

[4] [redacted]



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

[redacted]

[redacted]

Again, the cases Plaintiffs rely on are divorced from Dr. Kwon's assessment. In [redacted]

[redacted]

At trial, Plaintiffs are free to question Dr. Kwon about how he accounted for the [redacted]



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

[redacted]

**4. Plaintiffs' own expert confirms [redacted] that Dr. Kwon considered.**

Oddly, Plaintiffs call Dr. Kwon's discussion of M.K.L.'s [redacted] speculative, but their own expert confirms she had [redacted] Dr. Schloemer states: "I too found that MKL [redacted]. He also agrees that [redacted] Dkt. 79, Ex. J at 3. In fact, his core causation opinion rests on [redacted] is thus a shared premise of the experts' opinions and not speculation by Dr. Kwon.

The dispute is not whether [redacted] existed, but [redacted]. Dkt. 79 Ex. C at 28–30, Ex. D at MKL_TP_EBTCS_000045–000046. Plaintiffs may dispute his conclusions about [redacted] but the [redacted] are well documented in the records and acknowledged by their own expert.

Nor does Dr. Kwon equate [redacted]



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

[redacted]

Once again, Plaintiffs' cited cases differ substantially from the circumstances here. [redacted]

**C. Plaintiffs Mistake Dr. Kwon's [redacted]**

Dr. Kwon also does not offer an opinion on the credibility of various witnesses. While he reported that [redacted]



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

[redacted][5]

Finally, Plaintiffs argue that Dr. Kwon's references to counsel's deposition questions about [redacted] motives drove Plaintiffs' claims.[6] But that mischaracterizes Dr. Kwon's opinion. Those references merely describe the material he reviewed and are not being offered as his independent findings about Plaintiffs' motives or credibility. Plaintiffs also criticize Dr. Kwon for [redacted]

---

[5] [redacted]

[6] [redacted].



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

Dr. Kwon's review and comparison of these sources is part of [redacted] The mere fact that Dr. Kwon considered and pointed out the differences among the [redacted]

**D. Defendant Made Dr. Kwon Available for a Deposition and He Continues to be Available, But Plaintiffs Elected Not to Depose Him.**

Plaintiffs' contention that Defendant did not make Dr. Kwon available for his deposition is without merit. Plaintiffs' deposition notice contemplated that Dr. Kwon might be unavailable on November 5, indicating that his deposition was subject to a mutually agreeable date. Dr. Kwon was unavailable on that date and Defendant offered Dr. Kwon on November 13, well before the agreed November 20 expert discovery cutoff. Plaintiffs complained they needed to depose Dr. Kwon a week earlier to allow time to file a *Daubert* motion, if necessary. To accommodate Plaintiffs, Defendant then offered a split session for November 7 and 10 based on Dr. Kwon's availability.[7] Defendant also offered to provide Dr. Kwon at a later date and stipulate to an extension of the *Daubert* motion deadline. Thomsen Decl. Ex. 1, Oct. 29–30 emails. Plaintiffs rejected both options and continued to insist that the deposition had to occur on or before November 7, despite the fact that the agreed expert discovery deadline was two weeks later. This history does not reflect a refusal to produce the witness for a deposition.[8] Indeed, Defendant is still willing to make Dr. Kwon available for a deposition if Plaintiffs wish to depose him before trial, which remains several months away.

---

[7] Plaintiffs complained that the proposal did not provide a full seven hours, but Defendant would have provided the full allotted time had the deposition proceeded.

[8] This situation is quite unlike *Chiquita International Ltd. v. M/V Cloudy Bay*, 262 F.R.D. 318, 323–24 (S.D.N.Y. 2009), where the party did not produce experts as directed, or *Solomon v. AIG Property Casualty Co.*, No. 8:24-cv-2650, 2025 WL 2829742, at *3–5 (M.D. Fla. Oct. 6, 2025), where the party never made its expert available during discovery despite extensions and warnings. Here, Defendant offered Dr. Kwon for deposition well within the expert discovery deadline.



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650

## IV. CONCLUSION

The Court should deny Plaintiffs' motion and allow Dr. Kwon to testify about M.K.L.'s [redacted] The Court should review each opinion under Rule 702 and let the jury decide how much weight to give the testimony admitted.

*We certify that this response contains 3,949 words in compliance with the Local Civil Rules.*

DATED: November 25, 2026.

BRYAN CAVE LEIGHTON PAISNER LLP

By: *s/ Randall T. Thomsen*
Randall T. Thomsen, WSBA #25310
Michelle Buhler, WSBA #16235
Elisabeth Read, WSBA #59762

1201 Third Avenue, Ste. 5000
Seattle, WA 98101
Tel: 206-600-6650
randall.thomsen@bclplaw.com
michelle.buhler@bclplaw.com
elisabeth.read@bclplaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that I am employed by the law firm of Bryan Cave Leighton Paisner LLP, am a citizen of the United States of America, a resident of the state of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein. I caused a true and correct copy of the foregoing document to be served on the person(s) listed below in the manner indicated:

Seth A. Rosenberg
Peter Hawkins
Joseph Gehrke
Seattle Litigation Group, PLLC
1215 4th Avenue, Suite 1100
Seattle, WA 98161
seth@seattlelitigation.com
peter@seattlelitigation.com
joe@seattlelitigation.com
Staff:
lalaniz@seattlelitigation.com
ashleigh@seattlelitigation.com

*Attorneys for Plaintiffs*

☐ Via Hand Delivery
☐ Via USPS Mail
☐ Via Facsimile
☑ Via Email
☑ Via ECF

Adam S. Paris
Mark A. Popovsky
Jessica M. Klein
David R. Skoler
Josiah E. Himmelman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Tel: 212-558-4000
parisa@sullcrom.com
popovskym@sullcrom.com
kleinj@sullcrom.com
skolerd@sullcrom.com
himmelmanj@sullcrom.com
Staff:
bloomc@sullcrom.com

*Attorneys for Plaintiffs*

☐ Via Hand Delivery
☐ Via USPS Mail
☐ Via Facsimile
☑ Via Email
☑ Via ECF

DATED: November 25, 2026.

*s/ Shawn Williams*
Shawn Williams, Legal PA



BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
206-600-6650